# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-101-RJC-DCK

| | |
|---|---|
| 2 HOUNDS DESIGN, INC., | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| JESSICA BREZINSKI, and | ) |
| USA DOG SHOP, LLC, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Compel the Production Of Documents And Answers To Interrogatories From Plaintiff And For Sanctions" (Document No. 12); and "2 Hounds Design's Motion for Protective Order" (Document No. 14). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are now ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>grant</u> the motions in part and <u>deny</u> the motions in part.

## I. BACKGROUND

Plaintiff 2 Hounds Design, Inc. ("Plaintiff") filed its "Complaint for Declaratory Judgment" (Document No. 1) initiating this lawsuit on February 19, 2013. Plaintiff's Complaint seeks "a declaration that certain actions taken by 2 Hounds Design, Inc. do not breach any terms of the Patent, Trademark and Know-How Agreement between the parties." (Document No. 1, p.1).

"Defendants Jessica Brezinski And USA Dog Shop, LLC's Answer, Defenses, And Counterclaims To Plaintiff's Complaint" (Document No. 8) was filed on March 29, 2013. Defendants' Answer asserts claims for: (1) breach of contract; (2) breach of duty of good faith and fair dealing; (3) appropriation of name or likeness; (4) unfair or deceptive trade practices; (5) trademark infringement; (6) false designation of origin and false advertising; (7) accounting; (8) conversion; and (9) unjust enrichment. (Document No. 8, pp.15-24). Plaintiff filed its "Reply to Counterclaims" (Document No. 9) on April 22, 2013.

Following the parties' submission of a "Certification and Report of F.R.C.P. 26(f) Conference and Discovery Plan" (Document No. 10) on May 1, 2013, the Court entered its "Pretrial Order And Case Management Plan" (Document No. 11) on May 6, 2013.

Defendants' "Motion To Compel the Production Of Documents And Answers To Interrogatories From Plaintiff And For Sanctions" (Document No. 12) was filed on September 23, 2013; and "2 Hounds Design's Motion for Protective Order" (Document No. 14) was filed on September 29, 2013. The pending discovery motions have been fully briefed and are now ripe for disposition. See (Document Nos. 13, 15, 16, 17, 18, and 19).

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1). A motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Id.

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A); see also Fed.R.Civ.P. 26(c)(3). Likewise, if a motion is denied, the Court may award reasonable expenses, including attorney's fees, to the party opposing the motion. Fed.R.Civ.P. 37(a)(5)(B).

### III. DISCUSSION

**A. Defendants' Motion To Compel**

Jessica Brezinski ("Brezinski") and USA Dog Shop, LLC ("USA Dog") (collectively, "Defendants") seek an Order compelling Plaintiff to respond to Defendants' First Request for Production of Documents dated June 19, 2013 ("Document Requests"), and to respond to Defendants' First Set Of Interrogatories dated June 19, 2013 ("Interrogatories"). (Document No. 12, p.1). Defendants also seek sanctions against Plaintiff for its alleged failure to comply with basic discovery obligations. Id. Defendants contend that Plaintiff has failed to produce *any* documents in this case to date, either with its initial disclosures, or in response to the Document Requests. (Document No. 13, p.1). Defendants do not specifically identify which Interrogatories Plaintiff has failed to adequately address.

According to Defendants, Plaintiff has objected to serving any documents or producing adequate responses to the Interrogatories until the parties enter a protective order. (Document No. 13, p.12). Defendants assert that Plaintiff is not entitled to a protective order, but concede that they "were still willing to enter into a protective order." (Document No. 13, pp.12-16; Document No. 12-10, p.2); see also, (Document No. 18, p.5)("Defendants Do Not Dispute that the Court has the Power to Issue a Protective Order"). However, Defendant specifically objects to Plaintiff's proposal that a protective order include an attorney's eyes only provision or a provision allowing either party to object to disclosure to any consultant or expert. (Document No. 13, p.15; Document No. 18, pp.5-8)).

Plaintiff's "…Response In Opposition" focuses on its contention that a protective order is required here. (Document No. 16). While Plaintiff makes a persuasive argument that some of the information requested by Defendants should be treated as confidential and subject to a protective order, Plaintiff fails to explain why it has not been able to produce *any* documents to date. Id.

4

Under the circumstances, the Court finds that the Motion To Compel should be granted, subject to the terms of an appropriate protective order, as discussed below.

**B. Plaintiff's Motion For Protective Order**

"2 Hounds Design's Motion for Protective Order" (Document No. 14) seeks the entry of its proposed Protective Order (Document No. 15-5) as well as "an Order excusing 2 Hounds from providing the information requested in interrogatory nos. 13 and 14, and request for production nos. 30-40, and 48-50." (Document No. 14, p.1). Plaintiff contends that such relief is necessary because Defendants' "discovery requests exceed the allowable scope of discovery set forth in Rule 26(c) . . . and because a significant number of their requests that do not exceed the allowable scope of discovery request proprietary information that should be limited to viewing only by Brezinski and USA Dog Shop's counsel." (Document No. 14, pp.1-2).

    **1. Protective Order**

The undersigned finds there is little, if any, meaningful dispute that the discovery requests in question involve confidential and proprietary information. Rather, Defendants seem to argue that the parties "Patent, Trademark, And Know-How Agreement" (Document No. 1-1) provides adequate protection. As noted above, however, it appears that Defendants are not entirely opposed to the entry of a Protective Order. The crux of the current dispute is whether a Protective Order in this case should include an attorneys' eyes only provision, and whether one party should be allowed to object to another party's proposed experts, consultants, and/or their employees. See (Document No. 15, pp.10-12; Document No. 15-5, p.9; Document No. 17, p.17).

Plaintiff contends that a Protective Order "with an attorneys-eyes-only provision is appropriate because Brezinski would be a direct competitor of 2 Hounds if she successfully

voided the licensing agreement, and much of the information Brezinski seeks would teach her the proprietary operations of 2 Hounds." (Document No. 15, p.10). Plaintiff further contends that "only the production of records sufficient to establish the quantity of licensed products sold" is necessary to establish that Plaintiff has met its obligations under the parties' licensing agreement. (Document No. 15, pp.11-12). Plaintiff asserts that an attorneys' eyes only provision would significantly reduce the number of discovery requests in dispute. (Document No. 15, p.12). However, Plaintiff then asserts that "even with a protective order in place," there are sixteen (16) discovery requests it "should not be required to answer." (Document No. 15, pp.12-15).

In response, Defendants argue that this case is about more than Plaintiff's payment of royalties – namely, Plaintiff's 100% compliance with the parties' licensing agreement, as well as other issues raised in its counterclaims, including whether Defendants have been treated similarly to other wholesalers of Plaintiff. (Document No. 17, p.3). The undersigned agrees. Moreover, Defendants persuasively argue that an attorneys' eyes only provision is inappropriate because Brezinski is in the best position to review Plaintiff's discovery responses. (Document No. 17, pp.17-19).

After careful review of the parties' papers, including their proposed protective orders, the undersigned is convinced that there is good cause for the entry of a Protective Order in this lawsuit. Although clear and strict guidelines for the treatment of "Confidential" information are appropriate, the undersigned is not persuaded that an attorneys' eyes only provision is necessary. Specifically, the Court does not find that Brezinski should be excluded from reviewing any responses to Defendants' discovery requests, unless those requests are otherwise restricted by the Court. The undersigned will also decline to require the inclusion of the objection process to

experts and others as proposed by Plaintiff; however, the parties' Protective Order may include an attached Confidentiality Agreement to be executed by experts, and others, who might come in contact with information deemed "Confidential."

The undersigned directs the parties to jointly submit a proposed Protective Order, on or before **November 15, 2013**, consistent with the foregoing findings.

**2. Interrogatory Nos. 13-14, and Request for Production Nos. 30-40, 48-50**.

In addition to seeking a general Protective Order, Plaintiff also seeks an order excusing it from responding to specific discovery requests. (Document No. 15, pp.12-15). After careful review of the parties' papers, the undersigned directs the following:

a) Plaintiff shall fully respond to Interrogatory Nos. 13 and 14;

b) Plaintiff is excused from responding to Requests for Production Nos. 30-40;

c) Plaintiff shall fully respond to Requests for Production Nos. 48-50; and

d) Plaintiff shall supplement its responses to all Defendants' other discovery requests as appropriate.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' "Motion To Compel the Production Of Documents And Answers To Interrogatories From Plaintiff And For Sanctions" (Document No. 12) is **GRANTED**, consistent with the undersigned's directions herein.

**IT IS FURTHER ORDERED** that Defendants' request for sanctions is **DENIED WITHOUT PREJUDICE**. Defendants may renew their request for sanctions if Plaintiff fails to participate in discovery as directed by this Order.

**IT IS FURTHER ORDERED** that "2 Hounds Design's Motion for Protective Order" (Document No. 14) is **GRANTED in part, and DENIED in part**, as described herein. The

parties shall file a proposed Protective Order, via cyberclerk, on or before **November 15, 2013**. Plaintiff shall complete and serve its discovery responses as directed herein, within **ten (10) days** of the entry of a Protective Order by the Court.

    **SO ORDERED**.

Signed: November 5, 2013

David C. Keesler
United States Magistrate Judge