| | | |
|---|---|---|
| **2 HOUNDS DESIGN, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER** |
| | ) | |
| **JESSICA BREZINSKI and USA DOG** | ) | |
| **SHOP, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ——————————————— | ) | |

**THESE MATTERS** come before the Court on Defendants' Motion to Amend Answer with Counterclaims (Doc. 26), Motion for Temporary Restraining Order and Preliminary Injunction, (Doc. 27), supporting memorandum, exhibits and affidavit, (Docs. 27:1-17; 28, 33), Plaintiff's Response and exhibits, (Docs. 35; 35:1-2), Defendants' Reply, (Doc. 36), Plaintiff's Motion to Amend her Complaint, (Doc. 39), and supporting memorandum (Doc. 40).

These matters is now ripe for review.

## I.    BACKGROUND

This main question in this case is whether a party that has agreed to use its "best efforts" to promote a particular dog harness violates such agreement when it later manufactures a substantially similar dog harness that competes in the same marketplace.  Defendants contend that such actions constitute a violation of the licensing agreement, and that this Court should enjoin Plaintiff from manufacturing the competing item.

To prevail, the Defendants must demonstrate, *inter alia*, that an injunction is necessary to prevent irreparable harm.  This inquiry involves a considerable standard that Defendants are

unable to meet.

The facts, summarized briefly, are these: On March 25, 2009, Plaintiff 2 Hounds Design (2 Hounds) entered into a licensing agreement with Defendants Jessica Brezinski, and USA Dog Shop, LLC (collectively: Brezinski) to license use of a patented dog harness[1] as well as certain Know-How and trademarks to 2 Hounds.[2]   The licensing agreement requires 2 Hounds to use its "best efforts" to create, promote, and supply a public demand for the dog harness licensed by Brezinski to 2 Hounds.  (Doc. 1-1 ¶ 10).  After executing the agreement, 2 Hounds began selling Brezinski's dog harness under the name "Freedom No-Pull Harness."

 Brezinski alleges that, at some point in 2011, 2 Hounds entered into an agreement with Victoria Stilwell Enterprises (VSE) to manufacture a dog harness called the "Positively No Pull Harness" (PNP harness) that shared substantially the same features and target market as Brezinski's harness, and that such actions constitute a violation of the licensing agreement. (Doc. 26-1 ¶¶47-49).  Further, Brezinski claims that 2 Hounds disclosed trade secrets to VSE and that the similarities between the harnesses have caused confusion among the customer base.  (Id. ¶63).

On February 19, 2013, 2 Hounds filed suit in this Court seeking a declaratory judgment that its actions are not in conflict with the licensing agreement.  (Doc. 1).  To date, it estimates that it has sold 66,800 of Brezinski's harnesses, an amount more than four times the minimum required under the licensing agreement.  (Doc. 35-2 ¶9).

On March 8, 2013, Brezinksi answered the Complaint and filed several counterclaims against 2 Hounds.  (Doc. 8).  On April 22, 2013, 2 Hounds answered Brezinski's counterclaims

---

[1] The patent at issue here is United States Patent No. 7,165,511.

[2] The parties also executed an asset purchase agreement whereby 2 Hounds acquired the assets of Wags, Wiggles, and Whiskers, and Brezinski agreed to change the name of her company to USA Dog Shop.

and filed several counterclaims of its own. (Doc. 9). On January 6, 2014, the Magistrate Judge issued an order extending the case deadlines and scheduling a jury trial on July 7, 2014.

On December 23, 2013, alleging immediate and irreparable injury, Brezinski filed a motion requesting this Court to issue a temporary restraining order or preliminary injunction to prevent 2 Hounds from manufacturing the PNP harness for VSE. (Doc. 27).

## II.    DISCUSSION

Rule 65(b) provides that, upon a proper showing, a court may issue a temporary restraining order without notice to the adverse party. FED.R.CIV.P. 65(b) In this case, Plaintiff has received notice and filed a brief opposing the motion. Accordingly, the Court regards as moot Defendant Brezinski's motion for a temporary restraining order under FRCP 65(b), and focuses exclusively on her motion for a preliminary injunction under FRCP 65(a). "[W]hether an interlocutory injunction is labeled a TRO or a preliminary injunction is not of particular moment, so long as the opposing party is given notice and an opportunity to oppose that is commensurate with the duration of the injunction." Ciena Corp. v. Jarrad, 203 F.3d 312, 320 (4th Cir. 2000).

### A.    Preliminary Injunction

A preliminary injunction is an "extraordinary and drastic remedy" never awarded as a matter of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding such request." Amoco Production Co. v. Gambell, 480 U.S. 531, 542 (2008). An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course. Weinberger v. Romero-Barcelo, 456 U.S. 305, 313 (1982) ("[A]

federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law.").

A plaintiff seeking a preliminary injunction must establish four elements, including that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in absence of preliminary relief; (3) the balance of equities tips in his favor; and, (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Brezinski has not demonstrated the type of irreparable injury requiring the "extraordinary and drastic" remedy of a preliminary injunction. Munaf, 553 U.S. at 689-90. A preliminary injunction is to be granted only if no adequate remedy at law exists, and the moving party clearly establishes the requisite entitlement. See Federal Leasing, Inc. v. Underwriters at Lloyd's, 650 F.2d 495, 499 (1981).

This matter is scheduled for trial on July 7, 2014. Were Brezinski to prevail on the merits, she could request both a permanent injunction as well as damages in the full amount of losses up to the date of trial. The key term here is "irreparable." To prevail on the motion, Brezinski would have to demonstrate that, between now and July 7, 2014, she would suffer an injury, the nature of which eludes redress by monetary damages. A preliminary injunction is normally not available where the harm at issue can be remedied by money damages. Hughes Network Systems, Inc. v. Interdigital Communications Corp., 17 F.3d 691, 693-94 (4th Cir. 1994).

In Scotts Co. v. United Industries Corp., the Fourth Circuit held that a plaintiff could not establish irreparable harm where the full range of remedies was available at trial, and the denial of such relief would cause very little harm. 315 F.3d 264, 283-84 (4th Cir. 2002). The Fourth

Circuit rejected plaintiff's arguments that a loss of customers and good will was sufficient to establish irreparable harm. Id. at 283. "The plaintiff must make a 'clear showing of irreparable harm . . ., and the required irreparable harm must be neither remote nor speculative, but actual and imminent." Id. at 283 (citing Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991).

Granting a preliminary injunction requires a district court to make a ruling without the benefit of a complete record. "The danger of a mistake in this setting in substantial." Hughes Network Sys., Inc. v. InterDigital Communications Corp., 17 F.3d 691, 693 (4th Cir. 1994). The requirement that the court balance the harms to the parties is intended to ensure that the district court chooses "the course of action that will minimize the costs of being mistaken." American Hosp. Supply Corp., 780 F.2d at 593 (7th Cir. 1986). Additionally, as an appealable order, preliminary injunctions often lead to laborious and repetitive litigation as the claim is litigated and appealed for the purposes of the preliminary injunction, and then once again on the final decision on the merits. Hughes Network, 17 F.3d at 693-94. Such litigation carries significant costs to the parties.

Examining the record and balancing the interests of the parties, the Court finds that Defendant, while demonstrating harm, has not shown the type of irreparable harm to warrant a preliminary injunction. For this reason, the Court **DENIES** Defendant's Motion for a preliminary injunction.


B.      Respective Motions to Amend Complaints

Both parties have filed motions to amend the counterclaims, and both parties have

likewise opposed the motion of the other.[3]  The motions are brought after the twenty-one day period that allows for amendments as a matter of course.  Absent consent by the opposition, a party requires leave of the court to file an amendment.  "The court should freely give leave when justice so requires."  FED.R.CIV.P.15(a)(2).  Leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.  Foman v. Davis, 371 U.S. 178, 182 (1962).  For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face."  Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th

Noting the tidy symmetry among the respective postures of the parties on this issue, the Court grants each party leave to add or amend their counterclaims.[4]

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.    Defendants's Motion for a Temporary Restraining Order or Permanent Injunction, (Doc. 27), is **DENIED**;

2.    Defendant's Motion to Supplement and Amend Counterclaims (Doc. 26) is **GRANTED.**

3.    Plaintiff's Motion to Amend Complaint (Doc. 39) is **GRANTED.**

4.    The parties shall have seven (7) days following the publication of this order to file

---

[3] 2 Hounds maintains in its responsive brief that it originally consented to Brezinski's motion to amend on the condition that such consent would be reciprocated by the consent of Brezinski.  When Brezinski declined to consent, 2 Hounds withdrew its consent as well.

[4] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that:  "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV.  If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

their amended pleadings.

5.       The party against whom such action is filed shall have seven (7) days from the

filing date to respond to such pleading.


Signed: 1/29/2014

Robert J. Conrad, Jr.
United States District Judge