IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-101-RJC-DCK

| | |
|---|---|
| 2 HOUNDS DESIGN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JESSICA BREZINSKI, and ) | |
| USA DOG SHOP, LLC, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Second Motion To Compel the Production Of Documents And Answers To Interrogatories From Plaintiff And For Sanctions" (Document No. 47) and "2 Hounds Design's Motion to File Surreply in Opposition to Brezinski's Second Motion to Compel" (Document No. 54). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>grant</u> in part and <u>deny</u> in part the motion to compel, and <u>deny</u> the motion to file a sur-reply.

**I. BACKGROUND**

Plaintiff 2 Hounds Design, Inc. ("Plaintiff") filed its "Complaint for Declaratory Judgment" (Document No. 1) initiating this lawsuit on February 19, 2013. Plaintiff's Complaint sought "a declaration that certain actions taken by 2 Hounds Design, Inc. do not breach any terms of the Patent, Trademark and Know-How Agreement between the parties." (Document No. 1, p.1). "Defendants Jessica Brezinski And USA Dog Shop, LLC's Answer, Defenses,

And Counterclaims To Plaintiff's Complaint" (Document No. 8) was filed on March 29, 2013. Defendants' Answer asserts claims for: (1) breach of contract; (2) breach of duty of good faith and fair dealing; (3) appropriation of name or likeness; (4) unfair or deceptive trade practices; (5) trademark infringement; (6) false designation of origin and false advertising; (7) accounting; (8) conversion; and (9) unjust enrichment. (Document No. 8, pp.15-24). Plaintiff filed its "Reply to Counterclaims" (Document No. 9) on April 22, 2013.

Following the parties' submission of a "Certification and Report of F.R.C.P. 26(f) Conference and Discovery Plan" (Document No. 10) on May 1, 2013, the Court entered its "Pretrial Order And Case Management Plan" (Document No. 11) on May 6, 2013.

Defendants' "Motion To Compel The Production Of Documents And Answers To Interrogatories From Plaintiff And For Sanctions" (Document No. 12) was filed on September 23, 2013; and "2 Hounds Design's Motion For Protective Order" (Document No. 14) was filed on September 29, 2013. On November 5, 2013, the undersigned issued an "Order" (Document No. 22) granting in part and denying in part, those discovery motions. The undersigned specifically directed that:

   a) Plaintiff shall fully respond to Interrogatory Nos. 13 and 14;

   b) Plaintiff is excused from responding to Requests for Production Nos. 30-40;

   c) Plaintiff shall fully respond to Requests for Production Nos. 48-50; and

   d) Plaintiff shall supplement its responses to all Defendants' other discovery requests as appropriate.

(Document No. 22, p.7). The undersigned further directed that "Defendants may renew their request for sanctions if Plaintiff fails to participate in discovery as directed by this Order." Id. A

"Protective Order And Confidentiality Agreement" (Document No. 24) was issued on November 19, 2013.

On January 29, 2014, the Honorable Robert J. Conrad, Jr. entered an "Order" (Document No. 41) denying Defendant's request for a temporary restraining order or permanent injunction, but allowing both parties to amend their pleadings. Plaintiff subsequently filed its "Amended Complaint for Declaratory Judgment and Breach of Contract" (Document No. 43) on February 4, 2014. "Defendants Jessica Brezinski And USA Dog Shop, LLC's Revised First Amended Answer, Defenses, And Counterclaims To Plaintiff's Complaint" (Document No. 44) was filed on February 11, 2014.

Now pending is Defendants' "Second Motion To Compel The Production Of Documents And Answers To Interrogatories From Plaintiff And For Sanctions" (Document No. 47) filed on March 24, 2014. "2 Hounds Design's Response in Opposition to Brezinski's Second Motion to Compel" (Document No. 48) was filed on April 10, 2014; and Defendant's reply brief (Document No. 49) was filed on April 21, 2014. "2 Hounds Design's Motion to File Surreply in Opposition to Brezinski's Second Motion to Compel" (Document No. 54) was filed on April 28, 2014.

The current case deadlines required discovery to be completed by March 25, 2014, and for dispositive motions to be filed by April 22, 2014. (Document No. 30). The pending motion includes a request for a forty-five (45) day extension of all deadlines. (Document No. 47, p.4). Plaintiff opposes any extension of the case deadlines and filed "2 Hounds Design's Motion for Summary Judgment" (Document No. 51) on April 22, 2014. See (Document No. 48, p.21).

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1). A motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Id.

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A); see also Fed.R.Civ.P. 26(c)(3). Likewise, if a motion is denied, the Court may award reasonable expenses, including attorney's fees, to the party opposing the motion. Fed.R.Civ.P. 37(a)(5)(B).

### III. DISCUSSION

Jessica Brezinski ("Brezinski") and USA Dog Shop, LLC ("USA Dog") (collectively, "Defendants") seek an Order compelling Plaintiff to respond to: Defendants' First Request for Production of Documents dated June 19, 2013 and Defendants' Second Request for the Production of Documents dated January 31, 2014 ("Document Requests"), and to respond to Defendants' First Set Of Interrogatories dated June 19, 2013 ("Interrogatories"). (Document No. 47, p.1). Defendants also seek sanctions against Plaintiff for its alleged "complete failure to comply with basic discovery obligations." Id.

Plaintiff 2 Hounds Design, Inc. ("Plaintiff") suggests that it has cooperated fully in the discovery process. (Document No. 48). Plaintiff seems to argue that Defendants' contentions are mostly based on either a misunderstanding of what is required by the Federal Rules of Civil Procedure, the "Protective Order And Confidentiality Agreement" (Document No. 24), and/or a failure by Defendants to timely complete an inspection of documents willingly made available by Plaintiff. See (Document No. 48, p.20).

The undersigned finds that the parties' share responsibility for failing to timely complete discovery in this case. It appears that most, if not all, of the issues before the Court could have been easily resolved by the parties.

Moreover, Defendants have again failed to *specifically* identify the Interrogatories and Document Requests they contend Plaintiff has inadequately addressed. See (Document No. 22,

p.4). Parties moving to compel responses to discovery requests in this Court typically identify by number each response they deem to be deficient, along with the reasoning for their position.

> Defendants' current motion requests the following relief:
>
> (i) . . . sanctions against Plaintiff for failure to properly respond to Defendants' Requests for Production of Documents and Interrogatories (collectively, the "Demands") and compelling Plaintiff to:
>
>> (a) Provide actual written responses to Defendants' Interrogatories, including information sufficient for Defendants to understand and decipher the documents Plaintiff provided in lieu of actual written responses;
>>
>> (b) Provide all QuickBooks, or other accounting software, and other electronically stored documents or information in electronic format on an external hard drive to Defendants;
>>
>> (c) Provide the "compliance regulations" upon which Plaintiff allegedly relied in destroying all invoices prior to November 2012;
>>
>> (d) Provide redacted and scanned documents in response to Defendants' Demands;
>>
>> (e) Provide metadata in response to Defendants' Second Document Request in an electronic format;
>>
>> (f) Provide Brezinski and/or her accountant access to Plaintiff's facility to conduct a meaningful accounting audit.
>
> (ii) An extension of all deadlines for forty-five (45) days from the date of a decision on this Motion, or, in the alternative, open the discovery period for the matters subject to this motion;

(Document No. 47, pp.3-4;  Document No. 49, pp.17-18).

Based on the foregoing, and after careful review of the parties' papers, the undersigned directs the following actions in response to Defendants' requests (a) – (f):

(a) Defendants shall specifically identify in writing for Plaintiff which Interrogatories they contend the answer cannot be determined by examining documents Plaintiff provided in lieu

of written responses.  Plaintiff shall then provide written responses to those Interrogatories, specifically identifying responsive documents and explaining what those documents represent and how they answer Defendants' Interrogatory.  See Fed.R.Civ.P. 33(d).

(b)     Plaintiff acknowledges the "right to permit inspection and copying by Brezinski's counsel, instead of copying the documents itself, extends to all production requests." (Document No. 48, p.14);  see also Fed.R.Civ.P. 34 (b)(2)(B).  As such, it appears the parties' dispute is more logistical than legal.  Plaintiff shall, therefore, allow Brezinski and/or Defendants' counsel access to conduct a thorough review of Plaintiff's "QuickBooks, or other accounting software, and other electronically stored documents or information in electronic format" and, if necessary, to allow Brezinski and/or Defendants' counsel to copy relevant information.  The parties shall work together to find a mutually agreeable date(s) for Defendants to conduct this review.

(c)     Plaintiff objects that Defendants' request for the "compliance regulations" is "outside the discovery process";  however, Plaintiff does not appear to dispute that it did in fact destroy certain invoices pursuant to alleged "compliance regulations."  See (Document No. 48, p.19).  Although not part of the original discovery requests, the undersigned finds that Plaintiff shall supplement its responses by providing Defendants with a copy of the "compliance regulations" it relied on to destroy any requested discovery.

(d)     Based on the reasoning and guidance in (b), Plaintiff shall allow Brezinski and/or her counsel access to thoroughly review and copy responsive documents.

(e)     Based on the reasoning and guidance in (b), Plaintiff shall allow Brezinski and/or her counsel access to thoroughly review and copy responsive documents.

(f)     Finally, Defendants seek to compel "a meaningful audit pursuant to section 22 of the License Agreement." (Document No. 47-1, p.19).  Plaintiff contends this alleged deficiency

7

does not involve a discovery issue, but acknowledges that it has invited Brezinski to inspect the books of account pursuant to the License Agreement. (Document No. 48, p.2, 9) (citing Document No. 47-20). Under the circumstances, the undersigned will deny the request to compel "a meaningful audit pursuant to section 22 of the License Agreement"; however, Defendants may promptly provide Plaintiff with a revised discovery request seeking the necessary information for such an audit, to the extent such information has not already been requested. In the alternative, the undersigned recommends that the parties mutually agree on a time and place for Brezinski and/or her accountant to review Plaintiff's books of account consistent with the License Agreement. See (Document No. 1-1, p.11).

In addition to the issues above, the parties appear to have an on-going dispute as to Brezinski's access to discovery materials. The Court has previously denied Defendants' request for an "attorneys' eyes only provision" in this case that would restrict Brezinski's access and/or involvement in discovery. (Document Nos. 22, 24). Defendants now contend that Brezinski is in violation of the "Protective Order And Confidentiality Agreement" (Document No. 24) because she has failed to execute its Attachment A. (Document No. 48, p.15). The undersigned is not convinced that Brezinski's alleged failure violates the "Protective Order…." As a party to the litigation, who stipulated and agreed to the "Protective Order…," it appears that Brezinski is bound by that Order whether or not she executes Attachment A. (Document No. 24). If Plaintiff can identify authority supporting its suggestion that Brezinski is not bound by the terms of "Protective Order…" unless she executes Attachment A, it may file an appropriate motion compelling such execution.

The filing of sur-replies is generally disfavored in this Court; nevertheless, the undersigned has carefully reviewed "2 Hounds Design's Motion to File Surreply in Opposition

to Brezinski's Second Motion to Compel" (Document No. 54). The undersigned is not persuaded that Plaintiff's forecast sur-reply, or the parties' request for a hearing, is necessary to resolve the pending issues. Id. Moreover, the undersigned finds that efficient case management and judicial economy are better served by an immediate ruling.

The parties are respectfully reminded that the Supreme Court interprets that the "rules of discovery are to be accorded broad and liberal construction." See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). As such, the Court expects the parties to diligently and efficiently cooperate in completing discovery in this case so that it may be timely resolved by dispositive motion, settlement, or if necessary, a trial. The undersigned will decline to issue any sanctions at this time, but will keep that option under consideration.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' "Second Motion To Compel The Production Of Documents And Answers To Interrogatories From Plaintiff And For Sanctions" (Document No. 47) is **GRANTED in part** and **DENIED in part**, as directed herein.

**IT IS FURTHER ORDERED** that the request for an extension of case deadlines is **GRANTED**. The deadlines are revised as follows:

    Discovery:                           June 6, 2014;

    Dispositive Motions:          June 13, 2014;

    Trial:                                   September 8, 2014.

**IT IS FURTHER ORDERED** that "2 Hounds Design's Motion to File Surreply in Opposition to Brezinski's Second Motion to Compel" (Document No. 54) is **DENIED**.

**SO ORDERED**.

Signed: April 30, 2014

David C. Keesler
United States Magistrate Judge